**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

PAGE PENK,

Defendant–Appellant.

No. 08-1497
(D.C. No. 1:08-CR-00064-JLK-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Following a bench trial before a United States Magistrate Judge, Page Penk was convicted of one petty offense. On appeal, he raises a single issue: whether the bench trial violated his Sixth Amendment right to trial by jury. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm Penk's conviction because there is no right to a jury trial for petty offenses.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Penk was charged by information with (1) failing to comply with official signs and the lawful direction of Federal police officers in violation of 41 C.F.R. § 102-74.385 and (2) creating a disturbance in violation of § 102-74.390. With his case pending before a magistrate judge as permitted under 18 U.S.C. § 3401(a) and D. Colo. Crim. R. 57.1(B)(15), Penk moved for a jury trial, but his motion was denied. Following a bench trial, Penk was convicted of failing to comply but acquitted of creating a disturbance. The magistrate judge imposed a five-day suspended sentence and two months' unsupervised probation. Penk appealed the conviction to a district judge, but his appeal was denied. This appeal followed.

Before this court, Penk argues that the Sixth Amendment requires a jury trial even for petty offenses. We review this claim de novo. United States v. Robertson, 45 F.3d 1423, 1430 (10th Cir. 1995). "It is well established that the Sixth Amendment, like the common law, reserves th[e] jury trial right for prosecutions of serious offenses, and that 'there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.'" Lewis v. United States, 518 U.S. 322, 325 (1996) (quoting Duncan v. Louisiana, 391 U.S. 145, 159 (1968)). "Crimes carrying possible penalties up to six months do not require a jury trial if they otherwise qualify as petty offenses." Duncan, 391 U.S. at 159. Penk was convicted of an offense carrying a maximum prison term of 30 days, 41 C.F.R. § 102-74.450, which is a Class C misdemeanor, 18

U.S.C. § 3559(a)(8).  A Class C misdemeanor qualifies as a petty offense.  18

U.S.C. § 19.  Thus, he was not entitled to a jury trial.

      **AFFIRMED**.


                        ENTERED FOR THE COURT


                        Carlos F. Lucero
                        Circuit Judge